Turley, J.
delivered the opinion of the court.
This is a bill of indictment against A. C. Carter, in the Criminal Court of Davidson county, for retailing spirituous liquors to a person unknown, contrary to law. Upon this bill of indictment the defendant was convicted.
Upon the trial, as the bill of exceptions shows, it was proven by a witness, that he was ill defendant’s house, and saw two men come in, who were unknown to him, and call for brandy and sugar; that the defendant handed them a bottle, containing liquor, out of which they both helped themselves, and that one of them threw some money on the counter, which the defendant received. After conviction the defendant moved the court to arrest the judgment, which motion was sustained. Whereupon the Attorney General appealed to this court.
And it is now argued, that the bill of indictment is bad, because it avers that the unlawful retailing was to persons unknown, and is, therefore, not sufficiently specific and certain in its charge.
We are not of this opinion. We see no reason why this bill of indictment may not charge the selling by retail to have been to persons unknown, as well as a bill of indictment for murder, may charge that the person slain was unknown, or a bill of indictment for larceny may charge the goods stolen to be the property of a person or persons unknown. If there could be any *159 difference, surely the greater certainly of description, would and should be required in the higher offences.
Let the judgment be reversed, and we proceeding to give such judgment as the Criminal Court should have given, direct that the defendant be fined in the sum of fifty cents, and pay the costs of the prosecution in both courts,